## John Dearing *vs.* James Heard, Jr.

A surveyor of highways has no power to make distress for the non-payment of a highway tax committed to him, until after the time limited in the warrant to pay in labor and materials has expired.

And the surveyor cannot, in a case not falling within the exception in the statute, justify the making such distress, unless his return upon the warrant shows, that he gave to the party, to be charged with the payment of money, forty-eight hours notice of the time and place appointed for the payment of the tax in materials and labor.

Trespass, for taking and selling the plaintiff's horse. The defendant justified as highway surveyor of the town of *Sanford*. The material facts will be found in the opinion of the Court. At the trial before the Chief Justice, after the case was opened, the opinion of the Court was requested upon the following questions.

1. Whether the warrant and return on the same are sufficient to constitute a justification, if true ?

2. Whether the return of the defendant is conclusive and incontrovertible in this action ?

If the opinion of the Court should be, that the warrant and return are a sufficient justification, if true, and that the return cannot be controverted as the action stands, the plaintiff is to become nonsuit ; but if in their opinion, the justification is not made out, or that the return on the warrant may be controverted in the action as it stands, the action is to stand for trial.

The case was argued in writing, but as the opinion of the Court is based only on the first question reserved, no notice will be taken of the other.

*D. Goodenow* and *I. S. Kimball*, for the plaintiff, cited *stat.* of 1821, *c.* 118, § 13, 16 ; *Davis* v. *Maynard*, 9 *Mass. R.* 246; *Eddy* v. *Knapp*, 2 *Mass. R.* 154 ; *Purrington* v. *Loring*, 7 *Mass. R.* 388.

*N. D. Appleton* and *J. T. Paine*, for the defendant, cited the same statute, and the same sections, and contended, that the warrant, and the return thereon as it now stands, were a complete and perfect justification.

Dearing *v.* Heard.

The case was continued for advisement, and the opinion of the Court was afterwards prepared by

WESTON C. J. — The plaintiff was delinquent but a few cents, in the payment of his highway taxes, on account of which he has been subjected to considerable expense and sacrifice of property. The defendant, in his return to his warrant, has given his own account of his proceedings; and the principal question is, whether they afford him a sufficient justification.

By the *statute* of 1821, *c.* 118, *sec.* 16, it is provided, that if highway taxes are not paid by the time limited by law, or at such periods, as may be agreed upon by the town, the assessors may deliver to the surveyors of highways, warrants of distress, in the form prescribed by law for collecting other town taxes.

In *May*, 1836, the assessors committed to the defendant, as such surveyor, assessments of the highway tax in his district, bearing the name of the plaintiff, and his proportion of the tax of two thousand dollars, voted by the town to be expended in repairing the highways, the one half of which he was to cause to be expended thereon before the first of *July*, and the other half before the first of *April*, next following. For the collection of this tax, they gave him a warrant, requiring him to obtain by distress, what was not paid in labor and materials. Prior to the distress, of which the plaintiff complains, he had paid the first half of his proportion of this tax, and the far greater part of the other half. The distress was made on the second day of *February*; but the time limited for the expenditure of the tax then due did not expire, until the first of *April* following. Now until the time limited for paying in labor and materials has expired, the distress is not legally authorized. It is urged, that the season for repairing highways, for all practical purposes, was over in *February*. It is a sufficient answer, that the time appointed was further extended, until the expiration of which a distress was not warranted.

By the thirteenth section of the same statute, the surveyor is required to give, to each person on his list, forty-eight hours notice of the times and places, by him appointed, for providing materials and laboring. Such notice is indispensable, to fix the delinquency of the party, attempted to be charged. No such notice appears in the return of the warrant, by this defendant. He states, that the

plaintiff, though requested, neglected and refused to pay in labor or otherwise; but whether he had the notice of the times and places, when and where he was to labor, to which he was by law entitled, does not appear. And we are of opinion, that the justification set up by the defendant has failed, first, because he made the distress before the time limited to pay in labor and materials had expired; secondly, because it does not appear, that' the plaintiff had the notice prescribed by the statute. The nonsuit is accordingly set aside, and a new trial granted.